IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FREDY L. B. V.,

        Petitioner,

v.

WILLIAM BARR, *et al.*,

        Respondents.

HON. JOHN MICHAEL VAZQUEZ

Civil Action
No. 19-10528 (JMV)

**OPINION**

**VAZQUEZ, District Judge:**

**I.    INTRODUCTION**

The Petitioner in this matter, Fredy L. B. V.,[1] is an immigration detainee currently held at the Essex County Correctional Facility ("ECCF"), in Newark, New Jersey. On April 22, 2019, through counsel, he filed both an initial petition for writ of habeas corpus under 28 U.S.C. § 2241 (at DE 1), and an amended § 2241 petition (at DE 2; hereinafter, the "Petition"). For the reasons detailed below, his Petition is dismissed without prejudice and the emergent relief he requests is denied.

**II.    BACKGROUND**

Petitioner is a citizen of Guatemala who illegally entered the United States for the first time – by crossing the border at or near Texas – in February 2006. (*See* DE 2 at ¶ 8.) "At that time[,] Petitioner was detained by Border Patrol officials[; he] was returned to Guatemala [on or about March 20, 2006]." (*See* DE 2 at ¶ 8; *accord* Pet'r's Apr. 19, 2019 Declar., DE 1-4.) Petitioner's

---

[1] Consistent with guidance regarding privacy concerns in immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initials.

March 2006 removal was effectuated pursuant to an order of removal entered against him on February 23, 2006. (*See* DE 1-4 at Ex. A.) Petitioner again re-entered the United States without authorization in May 2006; he has resided in New Jersey since that time. (*Id.* at ¶¶ 10-11.)

Earlier this month, Petitioner "was arrested at the Union County Municipal Court, where he appeared . . . to address several traffic citations." (*See* DE 2 at ¶ 13.) Petitioner has been held at ECCF by United States Immigration and Customs Enforcement ("ICE") since his April 2019 arrest. On April 9, 2014, the United States Department of Homeland Security ("DHS") reinstated Petitioner's 2006 removal order and served notice of the same on Petitioner.[2] (DE 1-4 at Ex. A.)

---

[2] The evidence before the Court shows that Petitioner is subject to a final order of removal entered against him in 2006 and that he has never since obtained legal authorization to enter the United States. In his 2019 Application for Asylum and Withholding of Removal ("Asylum Application"), Petitioner acknowledges that he entered the United States without inspection in February 2006. (*See* DE 1-4 at Ex. B (noting that Petitioner's status was then as an "EWI," *i.e.*, entry without inspection).) In his Asylum Application, Petitioner also notes that he is not subject to any now-pending immigration proceedings, but was involved in prior proceedings, which, presumably, culminated in entry of Petitioner's 2006 final order of removal. (*Id.*) In short, Petitioner has implicitly conceded that he is subject to a final order of removal entered in 2006. Against this factual backdrop, the Court disagrees with Petitioner's claim that DHS's failure to append a copy of his underlying 2006 removal order to the April 9, 2019 document ( which was undisputedly served on Petitioner notifying him of the reinstatement of his 2006 removal order) renders his present detention unlawful. (DE 2 at ¶¶ 22-23.) Petitioner's underlying argument in support of this claim also relies on an interpretation of C.F.R. § 241.8(a)(1) that is contrary to its plain language. That regulatory provision provides, in pertinent part, that:

> (a) An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. The alien has no right to a hearing before an immigration judge in such circumstances. In establishing whether an alien is subject to this section, the immigration officer shall determine the following:
>
> (1) Whether the alien has been subject to a prior order of removal. The immigration officer must obtain the prior order of exclusion, deportation, or removal relating to the alien.

Thus, under C.F.R. § 241.8(a)(1), there is no requirement of service of the underlying removal order on an alien; only that the immigration officer obtain a copy of the original removal order

Shortly thereafter, on or about April 19, 2019, Petitioner "submitted a Petition I-589 to [United States Citizenship and Immigration Services]" by which he now "seeks protection through asylum, withholding of removal and protections under the Conventions Against Torture [("CAT")]." (DE 2 at ¶ 19; *accord* DE 1-4 at Ex. B.) Petitioner has claimed fear of persecution and torture if he were returned to Guatemala, *i.e.*, he has requested "withholding only" protection. In other words, Petitioner applied for protection against being deported to Guatemala specifically; the application does not challenge the validity of Petitioner's underlying 2006 removal order.

## III. RELEVANT LEGAL STANDARDS

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"), applicable to this § 2241 proceeding under

---

prior to reinstating the same. (*Id.*) Petitioner's assertion that his due process rights have been violated because DHS did not append a copy of his 2006 final order of removal is further undermined by C.F.R. § 241.8(b), which sets forth the notification that is required to be provided to an alien who is subject to a reinstated order of removal:

> If an officer determines that an alien is subject to removal under this section, he or she shall provide the alien with written notice of his or her determination. The officer shall advise the alien that he or she may make a written or oral statement contesting the determination.

C.F.R. § 241.8(b). The Court is satisfied that DHS met the foregoing requirements based on the record evidence provided by Petitioner. (*See* DE 1-4 at Ex. A.) The Court likewise disagrees with Petitioner's claim that his due process rights have been violated based on the manner in which DHS served its April 9, 2019 reinstatement notice on Petitioner.

Habeas Rule 1(b), the Court is presently required to examine the Petition to determine whether it should be dismissed as plainly unmeritorious.

## IV. ANALYSIS

### a. Petitioner is Subject to a "Final" Order of Removal; He is Accordingly Detained Pursuant to 8 U.S.C. § 1231(a)

As noted above, Petitioner is subject to a 2006 final order of removal which has now been reinstated. (DE 1-4 at Ex. A.) After being served with notice of that reinstatement (*see id.*), Petitioner applied for withholding only relief based on his claim that he faces a threat if returned to his native Guatemala. (*Id.*) To be clear, even if Petitioner prevails on his application, it appears that he will remain subject to removal from the United States; he will be exempt only from deportation to Guatemala. *See Reyes v. Lynch*, No. 15-0442 2015 WL 5081597, at *3 (D. Colo. Aug. 28, 2015) ("Even if Petitioner prevails on his withholding claim, the United States may remove Petitioner to a country other than Mexico if such country will accept him, and there is no administrative or judicial relief to which Petitioner would be entitled against such a removal.") (citing 8 C.F.R. § 1208.2(c)(3)(i)); *Pina v. Castille*, No. 16-4280, 2017 WL 935163, at *2 (D.N.J. Mar. 9, 2017) (same); *see also* 8 U.S.C. § 1231(a)(5) (where "an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, . . . and the alien shall be removed under the prior order at any time after the reentry."). Based on these facts, Petitioner – who is subject to "a reinstated order of removal but is also pursuing withholding only relief" – is presently being held as a post-removal order immigration detainee under 8 U.S.C. § 1231(a). *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 211 (3d Cir. 2018).

8 U.S.C. § 1231(a) provides that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *Id.* at § 1231(a)(1)(A). Aliens must be detained during the ninety-day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed in this ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed [1] who is inadmissible . . . [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision[.].

*Guerrero-Sanchez*, 905 F.3d at 219-20 (citing § 1231(a)(6)).

In *Zadvydas v. Davis*, the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. In other words, "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To obtain habeas relief under *Zadvydas*, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *Id.* at 701. As a rule of thumb, the Supreme Court has stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See id*.

The Third Circuit has since noted – in its precedential *Guerrero-Sanchez* decision – that "*Zadvydas* [does not appropriately] address the due process concerns posed by prolonged detention of someone who[, like Petitioner,] is still seeking withholding-only relief [but whose detention is

5

nonetheless governed by § 1231(a)]. Rather, *Zadvydas* addressed only the detention of noncitizens who—unlike [Petitioner]—have exhausted all administrative and judicial challenges to removal, including applications for relief from removal, and are only waiting for their removal to be effectuated." *Guerrero-Sanchez*, 905 F.3d at 220. In light of that consideration, *Guerrero-Sanchez* holds that, in addition to the rights announced by the Supreme Court in *Zadvydas*, "§ 1231(a)(6) affords a bond hearing after prolonged detention to any alien who falls within the ambit of that provision." *Id.* at 211. This includes individuals with reinstated removal orders under § 1231(a)(5) who are pursuing withholding-only relief. *Id.* at 225.

In accordance with *Guerrero-Sanchez*, "alien[s, like Petitioner,] detained under § 1231(a)(6) [are] generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." *Id.* at 226. In other words, "an alien facing prolonged detention under [that provision] is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Id.* at 224 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011). To be clear, "[§ 1231(a)(6) detainees] are not necessarily entitled to release after prolonged detention. Rather, they are owed only a bond hearing before an immigration judge to determine if they pose either a flight risk or a danger to the community. An alien will be released only if the immigration judge answers both inquiries in the negative." *See Guerrero-Sanchez*, 905 F.3d at 225 n.13.

### b. *Petitioner's Request for Habeas Relief is Premature*

As explained above, *Zadvydas* holds that § 1231 does not authorize indefinite post-removal-period detention. 533 U.S. at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* Under *Zadvydas*, six months is the "presumptively reasonable" period of post-removal-order detention

6

under § 1231. *Id.* at 701. Moreover, in *Guerrero-Sanchez*, the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are *only* entitled to a bond hearing after prolonged detention." 905 F.3d at 225 (emphasis added). *Guerrero-Sanchez* likewise adopts a presumptive "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, Petitioner has been in immigration detention for less than one month. His detention is well shy of the six-month duration that will trigger a bond hearing under *Zadvydas* and *Guerrero-Sanchez*; indeed, his detention is still be within the 90-day period of mandatory detention created by § 1231. Furthermore, because a bond hearing is the only form of habeas relief that this Court would be authorized to award to Petitioner under *Zadvydas* and *Guerrero-Sanchez* based on the facts and circumstances of his case, those precedential decisions fail to provide a basis for this Court to order his immediate release from immigration custody as Petitioner requests. Petitioner's habeas petition will accordingly be dismissed and his request that the Court order his immediate release from immigration custody will likewise be denied. Petitioner may, however, move to reopen this proceeding if he ultimately remains in immigration custody for a period that is unduly prolonged under § 1231.

  c. *This Court Lacks Jurisdiction to Bar Petitioner's Removal from the United States*

Petitioner also specifically requests that this Court enter an order barring his removal from this country. (DE 2 at 8.) This Court lacks jurisdiction to enjoin his removal or otherwise review the propriety of his 2006 removal order. The REAL ID Act so provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with *an appropriate court of appeals* in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under*

7

> *any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphases added). Accordingly, this Court lacks jurisdiction to review a habeas petition challenging an order of removal. *See Urquiaga v. Hendricks*, No. 12-cv-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244-45 (3d Cir. 2008) ); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

Section 1252(g) of the REAL ID Act, in conjunction with section 1252(a)(5), quoted above, in effect requires that any such stay be sought administratively or in the Court of Appeals:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [ (the All Writs Act) ] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "District Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the claims presented." *Mateo L. A. v. Nielson*, No. 19-cv-6609, 2019 WL 1003408, at *2 (D.N.J. Feb. 28, 2019) (collecting cases); *Torres-Jurado v. Saudino*, No. 18-cv-2115, 2018 WL 2254565, at *2 (D.N.J. May 17, 2018) ("[under 8 U.S.C. § 1252(g)], this Court lacks any jurisdiction to grant [petitioner's] motion for an emergency stay of removal, and the motion will be denied."); *see also Fermin v.*

*United States*, No. 17-cv-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order or a request for a stay of that Order could be entertained only by the Court of Appeals"); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at * (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."). Based on the foregoing considerations, Petitioner's requests that the Court stop his deportation proceedings and order his immediate release from immigration custody (*see* DE 2 at 8) are denied.

## V. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is dismissed without prejudice as plainly unmeritorious at this time. *See* Habeas Rule 4. The emergent relief he seeks therein is likewise denied. An accompanying Order follows.


<u>April 23, 2019</u>                                                     <u>s/ John Michael Vazquez</u>
Date                                                              JOHN MICHAEL VAZQUEZ
                                                                    United States District Judge